10-0811-cr
United States v. Martinez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of  April, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
      GERARD E. LYNCH,
          *Circuit Judges*,
      JED S. RAKOFF,
          *District Judge*.[*]

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
        *Appellee*,

      v.                  No. 10-0811-cr

ANGEL MARTINEZ,
        *Defendant-Appellant*.

-------------------------------------------------------------------

FOR APPELLANT:    Robert A. Soloway, Rothman, Schneider, Soloway & Stern, LLP, New York, New York.

FOR APPELLEE:    Michael Q. English, Assistant United States Attorney (Jessica A. Masella and Katherine Polk Failla, *on the brief*) *for* Preet

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Angel Martinez appeals from a judgment of conviction following a jury trial in which he was found guilty of conspiring to distribute narcotics, in violation of 21 U.S.C. § 846, and of participating in an intentional killing during the course of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. The district court sentenced Martinez to two concurrent terms of life imprisonment and ordered him to pay $15,000 in restitution. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Martinez first argues that the government committed misconduct during rebuttal summation by engaging in "repeated unfair, unprovoked, unwarranted and totally improper personal attacks on the character and conduct of defense counsel." He points chiefly to statements by the government characterizing defense counsel's arguments and questions on cross-examination as "nonsense," "red herring[s]," and "distraction[s]." Martinez also argues that the prosecutor improperly "challeng[ed] defense counsel by name in open court" and vouched for one of the government's witnesses, a New York City police officer.

2

A defendant who seeks to overturn his conviction based on prosecutorial misconduct in summation bears a "heavy burden." United States v. Locascio, 6 F.3d 924, 945 (2d Cir. 1993). The government is afforded "broad latitude in the inferences it may reasonably suggest to the jury during summation." United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir. 1989). As summations – and particularly rebuttal summations – frequently require improvisation, "courts will 'not lightly infer' that every remark is intended to carry 'its most dangerous meaning.'" United States v. Farhane, Nos. 07-1968-cr, 07-5531-cr, 2011 WL 338054, at *31 (2d Cir. Feb 4, 2011), quoting Donnelly v. DeChristoforo, 416 U.S. 637, 646-47 (1974). Moreover, under the "invited response" doctrine, "defense argument may, in a proper case, 'open the door' to otherwise inadmissible prosecution rebuttal," because prosecutors must be allowed to offer "legitimate responses" to defense arguments raised during summation. United States v. Rivera, 971 F.2d 876, 883 (2d Cir. 1992). Even when we find misconduct, we may order vacatur only if the improper statements have "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999).

We are satisfied that the statements that Martinez challenges did not constitute prosecutorial misconduct and fell far short of the level of abuse that would entitle him to a new trial. What Martinez sees as personal attacks, we see as an appropriate response to defense counsel's attempt to paint the government's witnesses as "rats . . . [with] the most incredible motive to lie." Trial Tr. 1299. Minimizing unfriendly arguments is an

3

effective and commonly practiced form of advocacy. Nothing in the record suggests that, in characterizing the defendant's arguments as "distraction[s]" and "red herring[s]," the government intended to impugn defense counsel's character rather than to focus the jury's attention on the evidence that the government felt was most supportive of its case.

The prosecutor's rhetorical addresses to defense counsel are likewise best understood as a comment on the strength of defendant's case rather than an attack on any individual.[2] Apostrophe has been a favored rhetorical tool of lawyers since the time of Cicero, and the government's use of it here did not imply that a response from defense counsel was called for or expected. Nor was it impermissible for the prosecutor to say of Sergeant Crimmins, "I think this guy knows what crack looks like." "It is, of course, well established that the prosecution may not vouch for its witnesses' credibility." United States v. Newton, 369 F.3d 659, 681 (2d Cir. 2004). Although prosecutors are well advised to avoid formulations that could be read to suggest that they are giving their own opinion about the witnesses' expertise, the prosecutor here was legitimately arguing that the officer's extensive narcotics enforcement experience made it reasonable for the jury to rely on his characterization of what he had observed. Thus, the statement regarding Sergeant Crimmins was not intended to "induce the jury to trust the Government's judgment rather than its own view of the evidence." Id. (internal quotation marks omitted). Rather, like the other statements to which Martinez objects, it was rhetorical

---

[2] For example, the government responded to defense counsel's argument that witness Luis Dones lacked credibility by arguing that Dones had told the truth. Citing defense counsel's suggestion that Dones was a "liar in the first degree," the prosecutor rhetorically asked, "What is he lying about, Mr. Schneider?" Trial Tr. 1347:15 Oct. 29, 2009.

4

figure of a type that the prosecutor is fully entitled to employ in persuading the jury of the truth of his side. We have consistently refused to "load the scales of justice" by "shear[ing the prosecutor] of all oratorical emphasis, while leaving wide latitude to the defense." Di Carlo v. United States, 6 F.2d 364, 368 (2d Cir. 1925) (Hand, J.).

Martinez next contends that the district court improperly responded to a note from the jury asking whether it was necessary "to put an actual smoking gun in Angel Martinez's hand to find him guilty of [the killing]." Trial Tr. 1399. After discussing the note and his proposed response with the parties, the judge answered "no" and referred the jury to a portion of the original charge in which the court had instructed that "[t]o meet its burden of proof, the government need not prove that a defendant directly caused the death of the specified victim," only that he "counseled, induced, procured or caused" the killing. Emphasizing that the government argued throughout the trial that Martinez personally participated in the shooting of Herbert Ortiz, Martinez contends that the judge's response indicated to the jury that he "should be convicted in a factual way unsupported by evidence or government argument."

A trial judge has "considerable discretion in determining how to respond to communication indicating that the jury is experiencing confusion." United States v. Parker, 903 F.2d 91, 101 (2d Cir. 1990). Although we review claims of error in jury instructions de novo, we have previously established that "[i]f a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given." United States v. Civelli, 883 F.2d 191,

5

195 (2d Cir. 1989). Here, the instruction was consistent with the law under 21 U.S.C. § 848(e)(1)(A), as Martinez's attorney below admitted at the time of his objection. Moreover, contrary to Martinez's assertion on appeal, the government did elicit evidence at trial sufficient for a reasonable juror to find that Martinez participated in Ortiz's murder as aider and abettor rather than as a principal. For example, the jury heard testimony from Steven Mangual that Martinez instructed him and George Torres to "light up" Ortiz. We therefore find no error in the district court's supplemental instruction to the jury.

Finally, Martinez argues that the district court's sentences of life imprisonment were procedurally and substantively unreasonable. In support of his procedural unreasonableness claim, Martinez asserts that the district court "failed to consider the relevant § 3553(a) factors," including Martinez's "drug abuse history, chaotic home life, [and] history of childhood physical abuse," and "instead focus[ed] only on the 'heinousness' of the offense." As we have stated many times, "we will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Instead, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors." Id. In this case, the district court began the sentencing by stating, "I have taken [] into account what I have read. I have taken into account what I have heard today. I have considered the statutory factors." Nothing in the

6

record indicates that the district court either misunderstood its obligation to consider each sentencing factor or unreasonably applied Section 3553(a) to the facts of this case.

Martinez's substantive unreasonableness arguments are similarly unpersuasive. We will uphold a sentence as substantively reasonable unless "the trial court's sentence cannot be located within the range of permissible decisions." United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted). Given that Martinez was convicted of committing a brutal murder in support of his large-scale crack distribution business, the life sentences imposed by the district court were well within the bounds of reasonableness.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk