20-2981-cr
United States v. Martinez

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                  No. 20-2981-cr

ANGEL MARTINEZ,

*Defendant-Appellant*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

1

FOR DEFENDANT-APELLANT: Angel Martinez, *pro se*, White Deer, PA

FOR APPELLEE: Patrick R. Moroney, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from orders of the United States District Court for the Southern District of New York (Denny Chin, *Circuit Judge*, sitting by designation).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 23, 2020 order of the District Court is AFFIRMED and that the appeal from the August 3, 2021 order of the District Court is DISMISSED as untimely.

Angel Martinez, proceeding pro se, appeals from a July 23, 2020 order of the United States District Court for the Southern District of New York (Chin, C.J., sitting by designation), which denied his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and an August 3, 2021 order, which denied his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the

2

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

On February 22, 2010, the District Court sentenced Martinez principally to concurrent terms of life imprisonment for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and conspiracy to commit murder in furtherance of the narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. On direct appeal, we affirmed Martinez's convictions and sentence. As relevant here, we concluded that because "Martinez was convicted of committing a brutal murder in support of his large-scale crack distribution business, the life sentences imposed by the [D]istrict [C]ourt were well within the bounds of reasonableness." United States v. Martinez, 419 F. App'x 34, 37 (2d Cir. 2011).

In 2019 Martinez, proceeding pro se, moved for a sentence reduction under the First Step Act of 2018. The District Court denied the motion on July 23, 2020, reasoning that although Martinez was eligible for resentencing under the First Step Act because the narcotics conspiracy was a covered offense whose mandatory minimum penalty had since been reduced, his Sentencing Guidelines range remained life imprisonment as a result of his murder conspiracy

3

conviction. United States v. Martinez, No. 06-CR-987-1 (DC), 2020 WL 4226639, at *2 (S.D.N.Y. July 23, 2020). Martinez appealed.

In late February or early March 2021, while that appeal was pending, Martinez filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The District Court denied that motion in its August 3, 2021 order. See United States v. Martinez, No. 06-CR-987-1 (DC), 2021 WL 3374530 (S.D.N.Y. Aug. 2, 2021). Martinez did not file a notice of appeal of the order. Instead, he filed two pro se letters in this Court explaining that he had not received notice that the compassionate release motion had been denied and seeking an opportunity to appeal.

We begin with Martinez's appeal of the District Court's denial of his motion under the First Step Act. As an initial matter, Martinez failed to appeal within the 14-day time limit prescribed by Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. Because a clerical error caused the delay in filing Martinez's appeal, however, the Government has explicitly waived reliance on Rule 4(b)'s nonjurisdictional time limit. Gov. Br. 7 n.2; see United States v. Frias, 521 F.3d 229, 231–34 (2d Cir. 2008); United States v. Mock, 612 F.3d 133, 135 n.1 (2d Cir. 2010).

4

We therefore consider the merits of Martinez's appeal of the denial of his First Step Act motion. A district court considering such a motion must conduct a two-part inquiry: "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." United States v. Moore, 975 F.3d 84, 89 (2d Cir. 2020). At the second step, "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." Id. at 92 n.36.

The District Court did not err at either step. At the first step, the District Court correctly determined that the narcotics conspiracy was a "covered offense" under the First Step Act, while the drug-related murder conspiracy was not. See United States v. Fletcher, 997 F.3d 95, 97 (2d Cir. 2021); see also United States v. Young, 998 F.3d 43, 55 (2d Cir. 2021) (holding that a defendant's "eligibility for resentencing on Count One does not alter his ineligibility for resentencing on Count Two"). Nor did the District Court abuse its discretion at the second step when it concluded that a reduced sentence was unwarranted in view of the unaffected guidelines calculation of life imprisonment for Martinez's murder conspiracy conviction.

Finally, we turn to Martinez's motion for compassionate release. We construe his two letters relating to the District Court's August 3, 2021 order as notices of appeal from that order. We dismiss that appeal as untimely filed. As noted, under Rule 4(b), a defendant seeking to appeal from an order in a criminal case must file a notice of appeal within fourteen days of the entry of the order, see Fed. R. App. P. 4(b)(1)(A)(i), unless the district court grants a thirty-day extension for excusable neglect or good cause, see Fed. R. App. P. 4(b)(4). Martinez's first letter was dated September 22, 2021, fifty days after the District Court's order was entered. His appeal is thus untimely under Rule 4(b)(1)(A)(i), even if the District Court had granted him a thirty-day extension under Rule 4(b)(4). As also noted, Rule 4(b)'s time limits are not jurisdictional, see Frias, 521 F.3d at 233–34, but where, as here, "the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible," id. at 234. Accordingly, we dismiss Martinez's appeal from the District Court's order denying compassionate release as untimely.

We have considered Martinez's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the July 23, 2020 order of the District Court is AFFIRMED, and the appeal from the August 3, 2021 order of the District Court is DISMISSED as untimely.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court