10-4504-cr
USA v. Gilliam

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

Present:  JOHN M. WALKER, JR.,
          ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
                    *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                    No. 10-4504-cr

RICHARD GILLIAM, AKA BUJU, AKA MAN,

                    *Defendant-Appellant*,

HUEYE FLETCHER, AKA HERBIE, AKA GRAY GOOSE, SHAWN SHAW, AKA CHEESE,

                    *Defendants.*
_____

For Defendant-Appellant:        RANDALL D. UNGER, Steve Zissou & Assocs., Bayside,
                                N.Y.

For Appellee:                   DANIEL S. SILVER (Emily Berger, *of counsel*), Assistant
                                United States Attorney, *for* Loretta E. Lynch, United
                                States Attorney for the Eastern District of New York

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Richard Gilliam appeals from an October 26, 2010 judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), following a guilty plea, convicting him of drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) and sentencing him principally to 528 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Defendant contends that the district court failed to consider the conduct of the victim under U.S.S.G. § 5K2.10, rendering his sentence procedurally and substantively unreasonable. Our review of a reasonableness challenge "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact," or fails to explain adequately its sentence. *Id.* at 190 (citing *Gall*, 552 U.S. at 50) (internal citations omitted).

Substantive determinations shall be set aside "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "[W]e do not presume that a Guidelines-range sentence is reasonable," but rather "take into account the totality of the

2

circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)). "A reviewing court entertains 'a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise.'" *United States v. Cossey*, 632 F.3d 82, 87 (2d Cir. 2011) (per curiam) (quoting *Fernandez*, 443 F.3d at 29).

Section 5K2.10 permits a below-Guidelines sentence where "the victim's wrongful conduct contributed significantly to provoking the offense behavior." U.S.S.G. § 5K2.10. The district court is instructed to consider factors including, *inter alia*, "[t]he danger reasonably perceived by the defendant," "[t]he danger actually presented to the defendant by the victim," and "[t]he proportionality and reasonableness of the defendant's response to the victim's provocation." *Id.*

Although the district court did not weigh the specific section 5K2.10 factors on the record, it explicitly rejected defendant's request for a sentence reduction under section 5K2.10, concluding that "whatever crimes [the victim] had committed, whatever crime he was about to commit, in those circumstances that evening [did not have] coming to him anything like what came to him." App. 105. As the record shows, at the time of the murder, the victim had been incapacitated and tortured for hours, and defendant concedes that his response was not

3

proportional. Nothing in the record suggests a failure to properly consider § 5K2.10, and given the presumption of proper consideration accorded to the district court, no procedural error was committed.

With respect to the substantive reasonableness of his sentence, defendant argues that although the district court "paid lip service to the mitigating factors . . . , in the end, it ignored those factors." Def.-Appellant Br. 19. However, defendant does not point to any factor overlooked by the district court, and we will not question the district court's weighing of those factors. *Pope*, 554 F.3d at 246-47.

We have considered Gilliam's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
