**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-7039**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

DARWYN LEE PAYNE, a/k/a Darwin Lee Payne,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:00−cr−00172−LMB−1)

───────────────

Argued:  October 26, 2022                  Decided:  November 30, 2022

───────────────

Before WILKINSON, THACKER, and RICHARDSON, Circuit Judges.

───────────────

Remanded with directions to dismiss by published opinion. Judge Wilkinson wrote the opinion, in which Judge Thacker and Judge Richardson joined.

───────────────

**ARGUED:**  Jessica Matsuda, Brian Warren, WASHINGTON & LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:**  Jonathan Shapiro, Supervising Attorney, Russel Wade, Third-Year Law Student, Criminal Justice Clinic, WASHINGTON & LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────────

WILKINSON, Circuit Judge:

Darwyn Lee Payne appeals the district court's order denying his First Step Act motion, which asked the court to reduce his completed sentence of incarceration or retroactively declare that he is a misdemeanant rather than a felon. Insofar as Payne has moved for a reduction of his already-completed sentence, his request is moot because he has no continuing interest in serving less time on a sentence that he is no longer serving. Insofar as Payne has moved for a retroactive reclassification of his offense from a felony to a misdemeanor, the court was powerless to grant relief because no statute authorized such reclassification. We therefore remand the case to the district court with directions that it be dismissed.

I.

On July 13, 2000, a jury convicted Darwyn Lee Payne of three drug-possession counts under 21 U.S.C. § 844(a): possession of (1) less than five grams of cocaine base; (2) five or more grams of cocaine base; and (3) marijuana. J.A. 14, 77. At the time, Count 2—possession of five or more grams of cocaine base—carried a mandatory minimum sentence of five years' imprisonment with a twenty-year maximum. *See* Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 6371, 102 Stat. 4181, 4370 (codified at 21 U.S.C. § 844(a)). The district court sentenced Payne, a first-time offender, to 63 months' imprisonment—12 months for Count 1, 63 months for Count 2, and 12 months for Count 3, to be served concurrently—and 3 years of supervised release J.A. 15–16. Payne completed his term of imprisonment in 2004 and completed his supervised release in 2007. *Id.* at 77–78.

2

In 2010, Congress enacted the Fair Sentencing Act, which, *inter alia*, amended 21 U.S.C. § 844(a) to eliminate the five-year mandatory minimum that had applied to first-time possession of five or more grams of cocaine base. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 3, 124 Stat. 2372, 2372. As amended by § 3 of the Fair Sentencing Act, 21 U.S.C. § 844(a) now provides for a maximum penalty of one year of imprisonment for first-time simple-possession offenders—making that offense a misdemeanor. *See* 18 U.S.C. § 3559(a)(6) (classifying offenses with a statutory maximum term of imprisonment of "one year or less but more than six months" as Class A misdemeanors).

In 2015, Payne petitioned for a writ of error coram nobis. J.A. 20–29. He argued that because of the new penalty structure created by the Fair Sentencing Act, his felony conviction for crack-cocaine possession should be vacated or reclassified as a misdemeanor in accordance with the current version of 21 U.S.C. § 844(a). *Id.* at 21. The district court denied relief because the Fair Sentencing Act was not retroactive, *see United States v. Bullard*, 645 F.3d 237, 249 (4th Cir. 2011), the petition was untimely, and Payne did not establish that his case was extraordinary, J.A. 43–44.

Then Congress enacted the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b), 132 Stat. at 5222. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

3

Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222.

On November 19, 2019, Payne filed the motion at issue in this appeal—a "Motion for Declaration that Conviction in this Case is a Misdemeanor." J.A. 45–54. This motion argued that because Payne's felony conviction was for a First Step Act covered offense, the court had power under that Act to "impose a reduced sentence" by reclassifying his felony offense as a misdemeanor. *Id.* at 49–50. Payne also argued that the Declaratory Judgment Act, 28 U.S.C. § 2201, gave the court power to grant relief. J.A. 45, 48–49. He proceeded to describe numerous collateral consequences that he suffered as a result of his offense being classified as a felony—including his ineligibility to vote under Virginia law; ineligibility for various employment, professional licensure, and housing opportunities; disqualification from serving on a jury; and inability to legally possess a firearm. *Id*. at 50–52.

The district court denied Payne's motion. *Id.* at 77. It understood the motion as requesting "that his completed sentence of incarceration be reduced pursuant to the First Step Act, or that the Court issue a declaratory judgment that he is a misdemeanant rather than a felon." *Id.* The court held that it had no power under the First Step Act or the Declaratory Judgment Act to grant relief. *Id.* at 81–82. It found persuasive the Second Circuit's reasoning that the First Step Act only authorizes a court to "impose" a reduced sentence, and "impos[ing]" a reduced sentence does not encompass retroactively reducing a sentence that has already been served. *Id.* at 79–80 (citing *United States v. Martin*, 974 F.3d 124, 130, 138–39 (2d Cir. 2020)). Moreover, "every circuit that has been asked" to

4

apply that Act "to reduce a completed sentence . . . has declined to do so." J.A. 79. Nor did

the Declaratory Judgment Act authorize relief, because a declaratory judgment "may not

be used . . . as a substitute for post[-]conviction remedies." *Id.* at 82 (quoting *Pruitt v.*

*Campbell*, 429 F.2d 642, 645 (4th Cir. 1970)).

Payne timely appealed. *Id.* at 83–84.

II.

To begin, we note that insofar as Payne's motion can be construed as requesting

"that his completed sentence of incarceration be reduced pursuant to the First Step Act,"

J.A. 77, his case is moot. The doctrine of mootness ensures that courts abide by Article

III's limitation of the judicial power to "cases" and "controversies." *See Chafin v. Chafin*,

568 U.S. 165, 171–72 (2013). For a live case or controversy to exist, the plaintiff must

retain a "personal stake in the outcome of the lawsuit" throughout the entire litigation.

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) (quotation marks omitted).

If the parties no longer have a "concrete interest" in the outcome of the litigation, the case

is moot. *Chafin*, 568 U.S. at 172.

To the extent that Payne has asked the district court to reduce the length of his term

of imprisonment, he no longer has a concrete interest in being granted that relief. Payne

has already served his sentence; the length of time remaining on that sentence cannot be

reduced below zero. Payne is not currently imprisoned, and retroactively reducing the

length of his sentence would not make him any freer than he currently is. *See Spencer v.*

*Kemna*, 523 U.S. 1, 7 (1998). Nor would retroactively reducing the length of Payne's

sentence redress the collateral consequences of which he complains: The classification of

5

his § 844(a) offense as a felony was based on that offense's statutory maximum sentence, not the actual sentence that Payne received. *See* 18 U.S.C. § 3559(a). Therefore, insofar as Payne's motion can be construed as requesting that the court reduce the length of his completed sentence, his request is moot because he can no longer benefit from the relief he seeks.

## III.

To the extent that Payne has requested a declaration *reclassifying* him as a misdemeanant so he can escape the collateral consequences of his felony conviction, the district court simply had no statutory authority to grant that relief: Neither the First Step Act nor the Declaratory Judgment Act grants courts the power to retroactively change a felony conviction into a misdemeanor conviction. We review such matters of statutory interpretation de novo. *See United States v. Wirsing*, 943 F.3d 175, 182 (4th Cir. 2019) (First Step Act motions); *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 852 (4th Cir. 1992) (declaratory-judgment actions).

## A.

Section 404(b) of the First Step Act provides that a district court "may . . . impose a reduced sentence" for a "covered offense." Pub. L. No. 115–391, § 404(b), 132 Stat. at 5222. This provision is a "narrow exception to [the] finality" of criminal sentences instantiated in 18 U.S.C. § 3582(c)(1)(B), which states that a court "may not modify a term of imprisonment once it has been imposed" except as "expressly permitted by statute." *Wirsing*, 943 F.3d at 184. In other words, district courts have no inherent authority to disturb the finality of criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235

6

(4th Cir. 2010). The question, then, is whether the First Step Act's authorization for a court to "impose a reduced sentence" empowers courts to retroactively declare that a conviction for a felony was in fact a conviction for a misdemeanor. It does not.

The text of the First Step Act makes clear that it operates on extant sentences, not the classification of completed offenses as felonies or misdemeanors. The Act only empowers district courts to impose a "reduced sentence." Reclassification of a defendant's offense from a felony to a misdemeanor is not a "reduced sentence."

Begin with the word "sentence." A "sentence" is the "judgment that *a court* formally pronounces after finding a criminal defendant guilty." *Sentence*, Black's Law Dictionary (11th ed. 2019) (emphasis added). And Congress has, by statute, defined what counts as a criminal "sentence": Under federal law, a defendant "shall be sentenced" to a "term of probation," a "fine," or a "term of imprisonment." 18 U.S.C. § 3551(b). Thus, a "sentence" is a term of probation, term of imprisonment, or fine that is imposed by a court.

It is clear, then, that the classification of a defendant's offense as a felony or misdemeanor is not part of the defendant's "sentence." The felony or misdemeanor classification is not itself a "term of imprisonment," "term of probation," or "fine." Nor is an offense's classification imposed *by a court*. Courts do not "sentence" defendants to a felony or misdemeanor; they sentence defendants to a term of imprisonment. The *legislature* classifies offenses as felonies or misdemeanors: An offense is either "specifically classified . . . in the section defining it" or classified based on "the maximum term of imprisonment *authorized*" (by the legislature) for the offense. 18 U.S.C. § 3559(a) (emphasis added). In other words, an offense's classification is either specifically

7

designated by Congress or derived from the offense's legislatively authorized statutory-maximum sentence; it is not a component of the sentence imposed by the court. So, there is a world of difference between the classification of a defendant's offense and the sentence the court imposes.

Now consider the word "sentence" in conjunction with the word "reduced." A reclassified offense is not a "reduced sentence." When coupled with "sentence," "reduced" refers to a decrease in the amount of a fine or length of a term of imprisonment or probation. *See Reduced*, Oxford English Dictionary (3d ed. 2009) ("Diminished in size, number, quantity, or amount."). Linguistically, one does not "reduce" (*i.e.*, diminish in size) a defendant's "term of imprisonment" merely by calling his offense a misdemeanor rather than a felony. Rather, a term of imprisonment is temporal in nature and is "reduced" by being decreased in length. And of course, when the remaining time in a convict's term of imprisonment is zero, it cannot be further reduced. Thus, the First Step Act's authorization for courts to "impose a reduced sentence" does not empower courts to reclassify a defendant's felony offense as a misdemeanor.

Finally, the broader structure of the First Step Act confirms this interpretation. The Act operates on penalties, not convictions. Section 404(b) applies only to "covered offense[s]," and § 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory *penalties for which* were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Pub. L. No. 115-391, § 404(a), (b), 132 Stat. at 5222 (emphasis added). In this way, § 404(a) makes the applicability of the First Step Act turn on penalties—namely, sentence lengths—and § 404(b) gives district courts power to reduce

8

those penalties. The Act thereby operates as a "sentence reduction statute" and "does not undermine the nature or validity of convictions even for 'covered offenses.'" *United States v. Fletcher*, 997 F.3d 95, 98 n.3 (2d Cir. 2021). "[I]t is not a vehicle for collateral attack" and does not "authorize a judge . . . to vacate a conviction" for a more serious offense and "enter an amended judgment for" a less serious offense. *Id.* So even if the First Step Act would give a court power to reduce the length of Payne's sentence (were he still serving it), it would not authorize the court to change Payne's felony conviction into a misdemeanor conviction.

B.

Nor does the Declaratory Judgment Act authorize district courts to declare that a prior conviction for a felony was in fact a conviction for a misdemeanor. That Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The operation of the Declaratory Judgment Act is "only procedural, leaving substantive rights unchanged." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 199 (2014) (quotation marks and citation omitted). So the Declaratory Judgment Act grants courts no power to declare that a felony conviction was in fact a misdemeanor conviction unless another substantive provision of law retroactively changed the classification of the defendant's offense.

Neither the First Step Act nor the Fair Sentencing Act retroactively changed Payne's violation of 21 U.S.C. § 844(a) from a felony into a misdemeanor. Under the Savings

9

Statute, "[t]he repeal [or amendment] of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing [or amending] Act shall so expressly provide." 1 U.S.C. § 109; *see Bullard*, 645 F.3d at 248 (4th Cir. 2011) (noting that the Savings Statute "also applies to statutes changed by amendment" (quotation marks omitted)). Neither the First Step Act nor the Fair Sentencing Act "expressly" extinguished Payne's liability for violating 21 U.S.C. § 844(a)'s five-or-more-grams-of-cocaine-base provision, which was a felony offense because the statute authorized a maximum term of imprisonment that was greater than one year. *See* Pub. L. No. 100-690, § 6371, 102 Stat. at 4370; 18 U.S.C. § 3559(a).

While the Fair Sentencing Act reduced the maximum sentence for § 844(a) violations to one year, that Act was not retroactive. *See Bullard*, 645 F.3d at 248–49 (concluding that Congress did not "intend[] to have the Act apply retroactively to defendants sentenced before it was passed").

Nor did the First Step Act extinguish Payne's liability for a felony offense. It only authorized district courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, § 404(b), 132 Stat. at 5222. The First Step Act did not "require a court to reduce any sentence." *Id.* § 404(c), 132 Stat. at 5222. It did not "expressly" extinguish liability for pre-Fair Sentencing Act offenses; it did "not undermine the nature or validity of convictions." *Fletcher*, 997 F.3d at 98 n.3. As explained above, the First Step Act would have granted the district court discretion to change the length of Payne's sentence but not

10

the classification of his offense. In short, the First Step Act did not change the fact that Payne *was* convicted of a felony and *is* a convicted felon.

Because no law changed the fact that Payne was convicted of a felony and remains a convicted felon, the Declaratory Judgment Act conferred on the district court no power to declare otherwise.

C.

Our conclusion that neither the First Step Act nor the Declaratory Judgment Act enables a district court to reclassify a defendant's offense is consistent with the role of the judiciary vis-à-vis the legislative and executive branches within our system of criminal sentencing. Authorizing the relief that Payne requests would impermissibly invade the province of the other branches.

As we have noted above, Congress prescribes the classification of an offense—either expressly for a particular offense or generally, based on the maximum term of imprisonment it has authorized for the offense. *See* 18 U.S.C. § 3559(a). While courts impose on individual defendants sentences within the statutory ranges that Congress has prescribed, Congress legislates offense classifications for categories of defendants. Congress did *not* expressly change pre-Fair Sentencing Act felony convictions into misdemeanor convictions and did *not* grant courts power to effect such reclassifications. To bless such retroactive reclassifications here would disrupt Congress's carefully crafted scheme and infringe on a prerogative that it has closely guarded.

Moreover, enabling courts to reclassify the offenses of convicted felons would invade the province of the executive by forcing it to reallocate resources away from

11

prosecuting live cases toward litigation over long-stale convictions. Payne's case illustrates the point. His term of imprisonment was completed in 2004 and his supervised release was completed in 2007. Criminal prosecution and the allocation of prosecutorial resources constitute "core executive power." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2200 (2020); *see Morrison v. Olson*, 487 U.S. 654, 705–707 (1988) (Scalia, J., dissenting) ("Governmental investigation and prosecution of crimes is a quintessentially executive function."). The First Step Act is itself a carefully cabined enactment. It is a legislative grant of limited retroactivity that impacts the executive's exercise of its law-enforcement powers. The Act enables a narrowly specified group of incarcerated people to request sentence reductions, with the potential for the executive to oppose those requests.

If this Court were to authorize people to seek reclassification of their convictions in addition to reduction of their sentences, we would expand the pool of First Step Act litigants beyond what Congress envisioned and increase substantially the number of cases for which the executive would need to expend finite prosecutorial resources. The executive itself is not insensitive to the point. The government argued recently to the Supreme Court that "Section 404 gives a district court discretion to impose a reduced sentence, not a different conviction." Reply Brief for the United States at 12, *Terry v. United States*, 141 S. Ct. 1858 (2021) (No. 20-5904), 2021 WL 2313643.

IV.

Whether Payne's request is assessed through the lens of mootness or on the merits of whether any statute authorizes retroactive offense reclassification, all roads arrive at the same place: Payne's motion was properly denied. Because petitioner cannot seek a

12

reduction of a sentence he has already completed, and because neither the First Step Act nor the Declaratory Judgment Act authorizes a court to reclassify a defendant's offense, we must remand the case to the district court with directions that it be dismissed.

*REMANDED WITH DIRECTIONS TO DISMISS*