RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0232p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 19-1850

CHANDAR A. SNOW, aka Shawn Snow,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:92-cr-81212-1—Robert H. Cleland, District Judge.

Decided and Filed: July 29, 2020

Before: GIBBONS, GRIFFIN, and THAPAR, Circuit Judges.

─────────────────

### COUNSEL

─────────────────

**ON BRIEF:** Craig F. Wininger, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. Chandar A. Snow, Florence, Colorado, pro se.

─────────────────

### OPINION

─────────────────

PER CURIAM. Chandar A. Snow, a pro se federal prisoner, appeals the district court's order denying his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. As set forth below, we **AFFIRM** the district court's order.

In 1993, a jury convicted Snow of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and conspiracy to kill a person while engaged in a conspiracy to distribute at least 50 grams of cocaine base, in

violation of 21 U.S.C. §§ 846 and 848(e)(1)(A) (Count 2).  The district court sentenced Snow to concurrent terms of 327 months of imprisonment as to Count 1 and life imprisonment as to Count 2.  On direct appeal, this court affirmed Snow's conviction and sentence.  *United States v. Snow*, 48 F.3d 198 (6th Cir. 1995).

Snow has since filed numerous attacks on his conviction and sentence—all unsuccessful. Most recently, Snow filed a pro se motion for a reduction of his sentence for Count 2 in light of § 404 of the First Step Act, which allows district courts to apply retroactively certain sections of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  Counsel made an appearance on behalf of Snow and filed a supplement in support of his motion.  The district court denied Snow's motion, concluding that he was not eligible for a sentence reduction.  This timely appeal followed.

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).  We review de novo Snow's eligibility for a sentence reduction under the First Step Act.  *United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020).

Snow moved for a sentence reduction pursuant to § 404 of the First Step Act, which provides for retroactive application of the Fair Sentencing Act:  "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.  The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  *Id*. § 404(a).  As relevant here, § 2 of the Fair Sentencing Act modified the statutory penalties for certain offenses involving cocaine base by increasing the drug quantities required to trigger certain sentencing ranges.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372.

Snow received a life sentence for his conviction under 21 U.S.C. § 848(e)(1)(A), which states:

> [A]ny person engaging in an offense punishable under section 841(b)(1)(A) of this title . . . who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death . . . .

As this text makes clear, a conviction under § 848(e)(1)(A) requires "an offense punishable under section 841(b)(1)(A)" and thus partly incorporates the elements of the latter subsection. In Snow's case, the "offense punishable under section 841(b)(1)(A)" was a conspiracy to distribute at least 50 grams of cocaine base—the minimum amount then required to trigger the penalties of § 841(b)(1)(A). The Fair Sentencing Act, however, raised the § 841(b)(1)(A) threshold quantity to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372. (Thus, going forward, a defendant cannot be convicted under § 848(e)(1)(A) for murder while engaged in a conspiracy to distribute less than 280 grams.) Snow argues that this change, combined with § 848(e)(1)(A)'s requirement of an offense punishable under § 841(b)(1)(A), qualifies his § 848(e)(1)(A) conviction as a "covered offense," making him eligible for a First Step Act sentence reduction.

We disagree and hold that the First Step Act's text and structure do not support extending resentencing relief to Snow's § 848(e)(1)(A) conviction. Again, the ultimate question here is whether Snow's conviction is a "covered offense" under the First Step Act. Section 404(a) of the Act defines a "covered offense" as one for which the statutory penalties were "modified" by the Fair Sentencing Act. In both general and legal usage, the verb "to modify" typically means a small or moderate change as opposed to a great change, or a change in degree as opposed to a change in kind. *See, e.g.*, "modify, *v.*," Oxford English Dictionary Online, https://oed.com/view/Entry/120655 (last visited July 28, 2020) ("To make partial or minor changes to; to alter (an object) in respect of some of its qualities . . . ; to cause to vary without radical transformation. (Now the principal general sense.)"); *Black's Law Dictionary* 1157 (10th ed. 2014) ("1. To make somewhat different; to make small changes to (something) . . . 2. To make more moderate or less sweeping; to reduce in degree or extent; to limit, qualify, or

moderate"); *The American Heritage Dictionary of the English Language* 1132 (5th ed. 2011) ("To make less extreme, severe, or strong"); *cf. MCI Telecomms. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 225–29 (1994); *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1037 (6th Cir. 1995). In run-of-the-mill First Step Act cases, applying the Fair Sentencing Act retroactively requires only a change in degree: adjusting from a previous and higher statutory sentencing range to a new and lower one. *See, e.g.*, *United States v. Foreman*, 958 F.3d 506, 508–09 (6th Cir. 2020). Thus, in such cases, it makes sense to say that the Fair Sentencing Act "modified" the statutory penalties. But the same is not true of Snow's § 848(e)(1)(A) conviction for murder while engaged in a conspiracy to distribute at least 50 grams of cocaine base. The Fair Sentencing Act did not *reduce* the sentencing range that applies to a conviction with those elements. Instead, after the Fair Sentencing Act, *those elements no longer amount to an offense under § 848 at all* and there is *no* applicable statutory sentencing range. The elimination of statutory penalties cannot be called a "modification" of statutory penalties without putting great strain on the ordinary meaning of the word "modify." This strongly suggests that Snow's § 848(e)(1)(A) conviction cannot be considered a covered offense as defined in § 404(a) of the First Step Act.

Section 404(b) of the Act confirms this conclusion. That subsection states that a court may "impose a reduced sentence" for a covered offense "as if [the changes made by the Fair Sentencing Act] were in effect" when the offense was committed. But here, if the district court chose to revisit Snow's Count 2 sentence as if the Fair Sentencing Act were in effect, it would be unable to "impose" *any* sentence because, again, there would no longer be any statutory penalties prescribed for Snow's conviction. In other words, § 404(b) on its face presupposes that the district court may still impose *some* sentence even after applying the Fair Sentencing Act retroactively; it simply does not contemplate the *elimination* of a sentence, as would be required here. In sum, Snow's § 848(e)(1)(A) conviction is not a covered offense and he is ineligible for a reduction in his sentence for Count 2.

The government asserts that, because Snow's life sentence for Count 2 remains intact, any reduction of his 327-month sentence for Count 1 is foreclosed by the concurrent sentence

doctrine.   But Snow has not sought a reduction of his 327-month sentence for the drug conspiracy charged in Count 1, so we need not consider this question.

For these reasons, we **AFFIRM** the district court's order denying Snow's motion for a sentence reduction.