*United States v. Gilliam*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2020
No. 20-1180

UNITED STATES,
*Appellee*,

*v.*

HUEYE FLETCHER, AKA HERBIE, AKA GRAY GOOSE,
SHAWN SHAW, AKA CHEESE,
*Defendants*,

RICHARD GILLIAM, AKA BUJU, AKA MAN,
*Defendant-Appellant*.

Appeal from the United States District Court for the
Eastern District of New York
No. 08-cr-742 — Ann M. Donnelly, *Judge*.

SUBMITTED: MARCH 25, 2021
DECIDED: MAY 7, 2021

Before: KATZMANN, WESLEY, and NARDINI, *Circuit Judges*.

Defendant-Appellant Richard Gilliam appeals from an order of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*), entered on March 18, 2020, denying his motion for a sentence reduction under Section 404(b) of the First Step Act. We hold that Gilliam is ineligible for a sentence reduction because his offense of conviction, drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A), is not a "covered offense" under the First Step Act. Thus, we **AFFIRM** the order below.

Richard Gilliam, *pro se*, White Deer, PA, *for Defendant-Appellant*

Amy Busa and Gillian Kassner, Assistant United States Attorneys, *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*

WILLIAM J. NARDINI, *Circuit Judge*:

In 2010, Congress passed the Fair Sentencing Act, which increased the quantities of crack cocaine that trigger certain statutory penalty ranges. Pub. L. No. 111-220, 124 Stat. 2372. Eight years later, Congress passed the First Step Act, which afforded district judges discretion to give the benefit of those higher quantity thresholds to defendants who had been sentenced

before the Fair Sentencing Act was enacted. Pub. L. No. 115-391, 132 Stat. 5194. Section 404(b) of the First Step Act allows district courts to consider whether to reduce sentences for a narrowly defined set of "covered offenses." Defendant-Appellant Richard Gilliam moved under the First Step Act for a reduction of his sentence for drug-related murder, in violation of 21 U.S.C. § 848(e)(1)(A), on the ground that his murder offense was premised on a violation of 21 U.S.C. § 841(b)(1)(A). The district court denied his motion, holding that his murder conviction was not for a "covered offense" under Section 404(b), and that he was thus ineligible for a sentence reduction. We agree and **AFFIRM** the decision of the district court.

## I.    Background

This appeal arises from the torture and killing of Jose Machicote. Machicote was a rival drug dealer to Gilliam who robbed Gilliam about two weeks before his death. On November 13, 2006, Gilliam and his associates kidnapped, tortured, and killed Machicote, leaving his body lying in a vacant lot.

Gilliam immediately fled New York, but eventually he returned and was arrested in October 2008. In February 2010, he pleaded guilty to one count of drug-related murder, in violation of 21 U.S.C. § 848(e)(1)(A), in the United States District Court for the Eastern District of New York (Gleeson, *J.*). In October 2010, the district court sentenced Gilliam principally to 528 months of imprisonment. We affirmed his sentence on direct appeal.[1] *See United States v. Gilliam*, 441 F. App'x 42 (2d Cir. 2011).

In November 2019, Gilliam moved for a sentence reduction under Section 404(b) of the First Step Act. On March 18, 2020, the district court (Donnelly, *J.*) denied the motion, reasoning that Gilliam was ineligible for a sentence reduction because drug-related murder was not a "covered offense" under the First Step Act. App'x at 2. Gilliam appeals the denial of his motion for a sentence reduction.

---

[1] The district court later denied Gilliam's collateral attack on his conviction pursuant to 28 U.S.C. § 2255, and we denied his motion for a certificate of appealability. *See* 2d Cir. 19-1718, Doc. 28.

4

## II. Discussion

We generally review a district court's denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). But where, as here, "the underpinning of the district court's ruling is statutory interpretation, we review it *de novo*." *United States v. Moore*, 975 F.3d 84, 88–89 (2d Cir. 2020) (internal quotation marks and alterations omitted); *see also United States v. Davis*, 961 F.3d 181, 186 (2d Cir. 2020).

To decide whether Gilliam is eligible for a sentence reduction under the First Step Act, we must begin with the Fair Sentencing Act. The Fair Sentencing Act increased the quantities of crack cocaine that must be charged and proven beyond a reasonable doubt to trigger certain statutory sentence ranges. Section 2 of the Fair Sentencing Act raised the threshold quantity from 5 to 28 grams for offenses charged under 21 U.S.C. § 841(b)(1)(B)(iii), and from 50 to 280 grams for offenses charged under § 841(b)(1)(A)(iii). *See Moore*, 975 F.3d at 87 & n.5. Section 3 "eliminated the

5-year mandatory minimum sentence for simple possession of crack cocaine under 21 U.S.C. § 844(a)." *Id*. Because the Fair Sentencing Act did not apply retroactively, only defendants sentenced on or after August 3, 2010, benefitted from its provisions. *Id.*

In 2018, Congress enacted the First Step Act, which gives district courts discretion to consider whether to reduce sentences for specified offenses that had been imposed before the Fair Sentencing Act:

> A court that imposed a sentence for a *covered offense* may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the *covered offense* was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (emphases added). Section 404(a) defines the term "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id*. We have explained that "the explicit reference to sections 2 or 3 of the Fair Sentencing Act demonstrates that the First Step Act permits a sentencing reduction *only* to the extent that sections 2 or 3 of

the Fair Sentencing Act would apply." *United States v. Martin*, 974 F.3d 124, 138 (2d Cir. 2020). Accordingly, the First Step Act provides courts with authority to reduce sentences only if they were "imposed for violations of a 'covered offense.'" *Id.*; *see also id.* at 137 (holding that "where an inmate is imprisoned upon multiple sentences that are aggregated for administrative purposes, courts require specific modification authorization . . . for *each* term of imprisonment contained in an otherwise final judgment of conviction").

Gilliam pleaded guilty to committing intentional murder while engaging in a drug trafficking conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A), and that crime—drug-related murder—is not a "covered offense" under the First Step Act. Section 848(e)(1)(A) provides in relevant part:

> [A]ny person engaging in an offense punishable under section 841(b)(1)(A) of this title . . . who intentionally kills . . . an individual . . . shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

7

While § 848(e)(1)(A) "requires the Government to prove that the defendant was engaged in a predicate drug offense [under § 841(b)(1)(A)] at the time of the intentional murder," *United States v. Guerrero*, 813 F.3d 462, 466 (2d Cir. 2016), a violation of § 848(e)(1)(A) is a standalone, substantive offense that is distinct from the underlying drug crime. In fact—as was the case here—a defendant need not even be convicted of the separate drug offense punishable under § 841(b)(1)(A) (much less sentenced for it) in order to be convicted of drug-related murder in violation of § 848(e)(1)(A). *Id*. All the Government need prove is that the defendant was "engaged" in the underlying drug offense at the time of the murder. Sections 2 and 3 of the Fair Sentencing Act make no mention of § 848(e)(1)(A), *id.* at 465, and they did not alter the statutory penalty range of 20 years to life in prison (or death) for drug-related murder. Section 848(e)(1)(A) itself, which remains unchanged, independently establishes that penalty range. Because Sections 2 and 3 of the Fair Sentencing Act did not modify the statutory penalties for

8

Section 848(e)(1)(A), a violation of that law is not a "covered offense" eligible

for a sentence reduction under Section 404(b) of the First Step Act.[2]

Gilliam suggests, in the alternative, that changes to the drug

quantities needed to trigger the enhanced crack-cocaine penalties under

---

[2] We also reject the argument that under *Dorsey v. United States*, 567 U.S. 260 (2012), the Fair Sentencing Act's modification of the penalty range in § 841(b)(1)(A) concomitantly modified the penalty range in § 848(e)(1)(A) simply because a violation of § 841(b)(1)(A) is an element of drug-related murder. *Contra United States v. Davis*, No. 5:93CR30025-003, 2020 WL 1131147, at *2 (W.D. Va. Mar. 9, 2020), *appeal dismissed*, No. 20-6383, 2020 WL 8922908 (4th Cir. Oct. 20, 2020) (agreeing with the reasoning in *United States v. Guerrero*, 52 F. Supp. 3d 643, 649 (S.D.N.Y. 2014), a pre-First Step Act case, to hold that "a defendant's § 848(e)(1)(A) conviction is a covered offense because it relies on the drug quantity thresholds set by § 841"). First, we reiterate that the penalty in § 848(e)(1)(A) is independent of that in § 841(b)(1)(A); § 848(e)(1)(A) imports only the substantive conduct required to violate § 841(b)(1)(A), not its penalty range. Second, the First Step Act granted judges the discretion to reduce sentences for "covered offenses"—that is, violations, "the statutory penalties for which were *modified* by section 2 or 3 of the Fair Sentencing Act." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222 (emphasis added). "In both general and legal usage, the verb 'to modify' typically means a small or moderate change as opposed to a great change, or a change in degree as opposed to a change in kind." *United States v. Snow*, 967 F.3d 563, 565 (6th Cir. 2020). But in the opposing view, the effect of the Fair Sentencing Act on § 848(e)(1)(A) would not be to "modify" its penalty range but, in circumstances where the predicate drug crime does not charge the involvement of 280 grams or more of crack cocaine, to eliminate criminal liability altogether. *Accord Snow*, 967 F.3d at 565 (holding that drug-related murder is not a "covered offense" under the First Step Act because the Fair Sentencing Act did not "modify" its statutory sentencing range). The *Dorsey* Court held that Congress "*intended* the Fair Sentencing Act's more lenient penalties to apply to [pre-Act offenders] sentenced after [the Act took effect]." 567 U.S. at 273 (emphasis added). Here, the plain language of the First Step Act reveals there was no such intention with respect to crimes like drug-related murder.

§ 841(b)(1)(A) should lead to the outright dismissal of the murder count to which he pleaded guilty, because that count was premised on a violation of § 841(b)(1)(A) that predated the Fair Sentencing Act. Gilliam's argument lacks merit. As we explained in *United States v. Guerrero*, the Fair Sentencing Act did not "expressly extinguish any criminal liability under § 848(e)(1)(A)," and so that "law's enactment [does] not retroactively invalidate [a defendant's] conviction" for conduct involving a violation of § 841(b)(1)(A) as it stood before the Fair Sentencing Act. 813 F.3d at 466. In other words, the validity of a drug-related murder conviction for conduct committed before the Fair Sentencing Act was not affected by changes to § 841(b)(1)(A) that post-date the murder. Nor did the Fair Sentencing Act undermine the attendant penalties for that completed offense. It necessarily follows that the First Step Act likewise does not call into question the nature or validity of any convictions.[3]

---

[3] Indeed, Section 404(b) of the First Step Act, as a sentence reduction statute, does not undermine the nature or validity of convictions even for "covered offenses"; it is not a

Here, Gilliam committed intentional murder while engaged in conduct that, at the time of the offense, violated § 841(b)(1)(A). Gilliam's actions, taken together, constituted a completed violation of § 848(e)(1)(A). The First Step Act in no way calls into question Gilliam's murder conviction.[4]

---

vehicle for collateral attack. Nothing in the First Step Act authorizes a judge, for example, to vacate a conviction under 21 U.S.C. § 841(b)(1)(A) and enter an amended judgment for a violation of § 841(b)(1)(B) instead.

[4] Even if it were true that Section 404(b) of the First Step Act authorizes a sentence reduction for those convicted of § 848(e)(1)(A) murder when the murder conviction is predicated on a violation of a "covered offense" under § 841(b)(1)(A), it is not clear that Gilliam's claim would succeed. Count One of the Superseding Indictment, to which Gilliam pleaded guilty, charged him with committing murder while engaged in the drug offense specified in Count Five, namely, a conspiracy under 21 U.S.C. § 846 that involved powder cocaine and marijuana. The drug types and quantities alleged in Count Five included a quantity of powder cocaine that triggered the penalties of § 841(b)(1)(B)(ii)(II) and a quantity of marijuana that triggered the penalties of § 841(b)(1)(A)(vii). Count Five contains no allegations whatsoever regarding crack cocaine. Accordingly, the violation of § 841(b)(1)(A) that formed the basis of Gilliam's drug-related murder conviction appears to have been premised on a drug other than crack cocaine, and it is therefore far from clear that it was for a "covered offense." We need not reach that issue here because, as we hold in the text, drug-related murder in violation of § 848(e)(1)(A) is not a "covered offense" under the First Step Act regardless of whether the underlying § 841(b)(1)(A) violation would itself be a covered offense.

### III.    Conclusion

In sum, we hold that drug-related murder, in violation of 21 U.S.C. § 848(e)(1)(A), is not a "covered offense" under Section 404(b) of the First Step Act. As a result, Gilliam is ineligible for a sentence reduction. We therefore **AFFIRM** the district court's March 18, 2020, order denying Gilliam's motion for a sentence reduction.