**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2200
_____

UNITED STATES OF AMERICA

v.

RICHARD POTTS, a/k/a NASIR HAQQ, a/k/a NASIR JONES,
a/k/a NASIR, a/k/a NAZ,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-01-cr-00457-003)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2023
Before:  KRAUSE, SCIRICA, and AMBRO, Circuit Judges

(Opinion filed: March 16, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Richard Potts appeals the District Court's order denying his motion for a sentence reduction filed pursuant to Section 404 of the First Step Act of 2018. For the reasons that follow, we will affirm the District Court's order.

Potts is serving two concurrent life sentences imposed in 2003 after he was convicted of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. 841(b)(1)(A) and murder while engaging in a qualifying drug trafficking crime. See 21 U.S.C. § 848(e)(1)(A) (describing penalties for committing murder while engaging in an offense punishable under § 841(b)(1)(A)). In 2019, he filed a motion for a reduction in his sentence. The District Court denied the motion, and Potts filed a pro se appeal. After we remanded the matter, see C.A. No. 19-3158, the District Court appointed counsel who filed a supplemental motion. The District Court denied the motion as supplemented, and Potts filed a notice of appeal.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

Section 404 of the First Step Act allows defendants sentenced before the Fair Sentencing Act of 2010 to seek reduced sentences based on the Fair Sentencing Act. United States v. Birt, 966 F.3d 257, 260 (3d Cir. 2020). The Fair Sentencing Act reduced the sentencing disparities between crack cocaine offenses and powder cocaine offenses by increasing the amounts of crack cocaine needed to trigger mandatory minimums. Id. at 259-60. Potts argues that the District Court should have reduced both his life sentence for murder as well as his life sentence for the conspiracy to distribute cocaine base.

---

[1] On appeal, Potts requested that we order counsel to withdraw and then appoint new counsel. We discharged counsel but declined to appoint new counsel for Potts.

2

We turn first to his sentence for murder.  The District Court concluded that Potts's conviction for murder was not a covered offense under the First Step Act.  Thus, it determined, he was not eligible to have his sentence for that count reduced.  We exercise plenary review over a district court's statutory interpretation regarding Section 404 eligibility.  See United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020).

A conviction qualifies as a covered offense if its statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act.  Id. at 201-02.  Here, the statutory penalty for a violation of § 848(e)(1)(A) was not modified by the Fair Sentencing Act.  Although the conviction for murder while engaged in drug trafficking rested on a violation of § 841(b)(1)(A), the penalties for which were modified by the Fair Sentencing Act, the statutory penalty for a violation of § 848(e)(1)(A) was, and remains, a sentence between twenty years and life in prison or the death penalty.  The District Court did not err in determining that the murder conviction was not a covered offense, and Potts is not eligible for a sentence reduction for that conviction.  See United States v. Roane, 51 F.4th 541, 546 (4th Cir. 2022) (holding that conviction for violating § 848(e)(1)(A) is not a covered offense because statutory penalties were not modified); United States v. Fletcher, 997 F.3d 95, 99 (2d Cir. 2021) (same); United States v. Snow, 967 F.3d 563, 565 (6th Cir. 2020) (same).

As for the drug trafficking conviction, the Government agreed that Potts's conviction for conspiracy to distribute cocaine base was a covered offense and he is eligible for a sentence reduction.  That a defendant is eligible for a sentence reduction, however, does not mean he is entitled to one.  While the First Step Act allows a district

3

court to reduce a sentence, a district court is not required to do so. Jackson, 964 F.3d at 201. We review a district court's denial of relief to an eligible defendant for an abuse of discretion. Id.

On appeal, Potts complains that the District Court did not specifically discuss the sentencing factors of 18 U.S.C. § 3553(a). The District Court, however, explicitly acknowledged the relevant § 3553 factors. Potts does not point to any argument he made in the District Court that went unaddressed. In his counseled and pro se filings in the District Court, he submitted evidence of his educational achievements and spiritual growth and argued that he had rehabilitated himself.

In denying relief, the District Court mentioned Potts's efforts to rehabilitate himself and, in fact, commended Potts for those efforts. However, it also noted the seriousness of his crime: he was senior member of a drug distribution network which was responsible for distributing over 250 kilograms of crack and he murdered another drug dealer. See Jackson, 964 F.3d at 204 (noting that in exercising its discretion, the District Court may consider the actual quantity of drugs possessed by a defendant). A district court need only show that it considered the arguments set forth by the parties. See Concepcion v. United States, 142 S. Ct. 2389, 2405 (2022). The District Court did not abuse its discretion in denying Potts's motion for a sentence reduction.

Potts, who did not seek recusal in the District Court, suggests that the District Judge should have recused himself pursuant to 28 U.S.C. § 455 because he was an AUSA with the United States Attorney's Office in the Eastern District of Pennsylvania during

4

the time when that office was prosecuting Potts. He also points to the District Court's denial of his motion as evidence of his bias.

Under § 455, a judge should disqualify himself if, inter alia, his impartiality might reasonably be questioned, he has a personal bias concerning a party, or, as a governmental employee, he participated as counsel or an advisor concerning the proceeding. The District Judge's former employment as an AUSA did not require recusal where Potts did not allege that the judge was ever personally involved in his prosecution. See United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988) ("[A]bsent a specific showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal."). And Potts's displeasure with the District Judge's rulings is not an adequate basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); The District Judge's ruling does not show any disqualifying bias, and he did not err by failing to recuse himself sua sponte.

Potts also argues that counsel was ineffective in presenting his argument that the murder conviction was a covered offense. However, we have considered and rejected Potts's own arguments about whether he was eligible for a reduction of sentence on his murder conviction. Thus, even if a claim of ineffective assistance of counsel were a basis to vacate the District Court's decision, he was not prejudiced by any alleged failures of

5

counsel.  Potts also challenges the evidence presented against him at trial.  However, a motion for a sentence reduction is not the appropriate vehicle to attack his convictions. See United States v. Amato, 48 F.4th 61, 65 (2d Cir. 2022) (concluding that a defendant may not challenge the validity of his conviction via a § 3582 motion).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.