PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2208
_____

UNITED STATES OF AMERICA

v.

CLIFTON JUNIUS,
a/k/a MAX,
a/k/a TYJAE,
a/k/a TYJAE RAVENELL,
a/k/a TYJAE JENKINS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-01-cr-00457-005
District Judge:  The Honorable Mitchell S. Goldberg
_____

No. 22-2267
_____

UNITED STATES OF AMERICA

v.

DANIEL COACH, JR., a/k/a SMOKEY, a/k/a PAULIE,
a/k/a SMOKE,
a/k/a PAUL WESTPHAL, a/k/a UNCLE PAULIE, a/k/a
SMIZ, a/k/a SKELS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-01-cr-00457-001
District Judge:  The Honorable Mitchell S. Goldberg

_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 29, 2023

Before: KRAUSE, AMBRO, and SMITH, *Circuit Judges*

(Filed: November 20, 2023)

Joanne M. Heisey
Federal Community Defender Office for the Eastern
District of Pennsylvania
Capital Habeas Unit
601 Walnut Street
The Curtis Center, Suite 545 West
Philadelphia, PA 19106

Brett G. Sweitzer
Federal Community Defender Office for the Eastern
District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 545 West
Philadelphia, PA 19106
        *Counsel for Clifton Junius & Daniel Coach*


Bernadette A. McKeon
Robert A. Zauzmer
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Counsel for the United States*

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Daniel Coach and Clifton Junius appeal the denials of their respective motions for sentence reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). They argue that a conviction under 28 U.S.C. § 848(e)(1)(A) for intentional killing in furtherance of a continuing criminal conspiracy is a "covered offense" under the Act, and that they are therefore eligible for sentencing relief for their convictions under that statute. We agree with the District Court that drug-related murder in violation of 28 U.S.C. § 848(e)(1)(A) is not a covered offense under the First Step Act, and we thus will affirm.[1]

_____

[1] In the alternative, Appellants argue that the murder and drug charges on which they were sentenced are interdependent, so that they are eligible for sentence reduction under the sentencing package doctrine. However, the sentencing package doctrine does not apply to this case.

This Court has recognized that "when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an

4

overall plan." *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997) (quoting *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989), *cert. denied*, 493 U.S. 890 (1989)). Under the sentencing package doctrine, if a conviction on one of the component counts of the overall plan, or sentencing package, is vacated, and the sentences on the underlying counts are interdependent, a judge may "review the efficacy of what remains in light of the original plan, and []reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits . . . ." *Id.* (quoting *Pimienta-Redondo*, 874 F.2d at 14).

This Court recently recognized that "[w]hether two sentences are interdependent turns on whether they 'result in an aggregate sentence' as opposed to 'sentences which may be treated discretely.'" *United States v. Norwood*, 49 F.4th 189, 203 (3d Cir. 2022) (quoting *United States v. Murray*, 144 F.3d 270, 273 n.4 (3d Cir. 1998)). It thus follows that the sentencing package doctrine does not usually apply to sentences grouped together under the Sentencing Guidelines or to concurrent sentences. *See id.*; *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 87 (3d Cir. 2007).

The sentences imposed on Coach and Junius for murder in furtherance of a continuing criminal enterprise were imposed independently from their cocaine base distribution charges. So they were not part of a sentencing package. The sentencing court separated the murder

5

I.

This appeal arises from the involvement of Coach and Junius in a drug distribution operation in North Philadelphia from early 1992 through May 2001. Coach was head of the operation and engaged in multiple acts of violence, including several homicides. Junius, in his role, engaged in long-term drug distribution. Like Coach, he engaged in acts of violence, including homicides.

In 2003, Coach and Junius pled guilty to multiple charges related to their involvement in the drug distribution operation. Coach pled guilty to possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and intentional killing in furtherance of a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(e)(1)(A), along with other counts.[2] Junius pled

_____

offense of each Appellant from the rest of his offenses. The District Court also imposed their sentences on the separate offenses to run concurrently. Because it is clear that each Appellant's drug-related murder sentence could be treated discretely, the sentencing package doctrine does not apply.

[2] He also pled guilty to operation of a house for the storage and distribution of a controlled substance in violation of

guilty to conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, and intentional killing in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A). The District Court sentenced Coach to 60 years on each charge to which he pled guilty and Junius to 40 years on each charge to which he pled guilty. The prison sentences on all counts, as to each defendant, are to run concurrently.[3]

---

21 U.S.C. § 856 and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

[3] In addition to determining that 21 U.S.C. § 848(e)(1)(A) is not a covered offense under the First Step Act, the District Court declined to exercise its discretion to reduce defendants' drug offense sentences. The Appellants argue in their opening brief that "[t]his Court cannot be satisfied with the district court's statements that it would not reduce Appellants' sentences if it had the discretion to do so." Appellants' Opening Brief at 42. They elaborate in their reply brief that "the district court cannot have properly considered the statutory sentencing factors because it misunderstood the currently applicable penalty ranges." Appellants' Reply Brief at 9 (internal citation omitted). That is not the case. When judges conduct First Step Act resentencings, they must "'articulate . . . a brief statement of reasons' in which they 'explain their decisions and demonstrate that they considered the parties' arguments.'"

7

The District Court also denied all motions that Coach and Junius filed seeking sentence reductions. For Coach, those included motions to correct the sentence, construed pursuant to 28 U.S.C. § 2255, a motion for compassionate release, and the instant motion for sentence reduction pursuant to the First Step Act. For Junius, they included a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, post-conviction sentence reduction motions pursuant to 18 U.S.C. § 3582(c)(2), a motion for compassionate release, and the First Step Act motion which is at issue here.

Undaunted by the District Court's denial of their previous motions, Coach and Junius both filed motions seeking a sentence reduction under the First Step Act. They asserted that their convictions were covered offenses under the First Step Act, thus making them eligible for sentencing relief. Coach and Junius supported their

---

*United States v. Shields*, 48 F.4th 183, 193 (3d Cir. 2022) (quoting *Concepcion v. United States*, 597 U.S. 481, 501 (2022)). For each Appellant, the District Court articulated the statutory factors courts consider in adjudicating First Step Act motions, acknowledged Appellants' rehabilitation arguments, and explained why it would nevertheless exercise its discretion to deny sentencing relief. The Court's alternative analyses were procedurally sound and did not otherwise constitute an abuse of discretion.

8

motions with descriptions of their rehabilitation efforts and letters from character references. The District Court denied both motions, holding in relevant part that a conviction under 21 U.S.C. § 848(e)(1)(A) for murder in furtherance of a CCE is not a "covered offense" under the First Step Act and the sentencing package doctrine is inapplicable. Further, the District Court reasoned that, even if Coach's and Junius' offenses were covered offenses under the First Step Act, the 18 U.S.C. § 3553(a) sentencing factors counsel against reducing their terms of imprisonment.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review statutory interpretation questions and questions related to the sentencing package doctrine de novo. *United States v. Hodge*, 948 F.3d 160, 162 (3d Cir. 2020); *Norwood*, 49 F.4th at 200.

## III.

The First Step Act operates by making retroactive the Fair Sentencing Act of 2010,[4] a statute which reduced penalty disparities between offenses involving crack cocaine and powder cocaine. *See United States v. Birt*, 966 F.3d 257, 259–60 (3d Cir. 2020). Thus, under the First

---

[4] Pub. L. No. 111–220, 124 Stat. 2372.

Step Act, a district court may reduce a pre-2010 sentence "as if the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion*, 597 U.S. at 486 (internal quotation marks omitted).

The First Step Act's plain language and structure confirm that capital murder convictions under 21 U.S.C. § 848(e)(1)(A) are not "covered offenses" under the Act. All of our sister courts of appeals that have considered whether a violation of § 848(e)(1)(A) is a covered offense under the Act have likewise reached this conclusion. *See United States v. Roane*, 51 F.4th 541, 548–50 (4th Cir. 2022); *United States v. Fletcher*, 997 F.3d 95, 97–98 (2d Cir. 2021); *United States v. Snow*, 967 F.3d 563, 564–65 (6th Cir. 2020) (per curiam).[5] Section 404 of the First Step

---

[5] Further, when considering the issue in the Double Jeopardy Clause context, "[e]very court of appeals to consider the question has concluded that § 848(e)(1)(A) sets forth separate offenses—offenses for which the defendant may be prosecuted, convicted, and punished *in addition to* the underlying predicate drug-trafficking offenses." *United States v. Vasquez*, 899 F.3d 363, 383 (5th Cir. 2018) (citing *United States v. Honken*, 541 F.3d 1146, 1154–58 (8th Cir. 2008); *United States v. Collazo-Aponte*, 216 F.3d 163, 200 (1st Cir. 2000), *cert. granted in part and judgment vacated*, 532 U.S. 1036 (2001); *United States v. Snow*, 48 F.3d 198, 200 (6th Cir. 1995); *United*

Act, in relevant part, defines "covered offenses" under the Act:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term ''covered offense'' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

In *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021), the Supreme Court focused on the text in § 404(a) and clarified that the term "'statutory penalties' references the entire phrase 'a *violation* of a Federal criminal statute,'"

---

*States v. McCullah*, 76 F.3d 1087, 1104–05 (10th Cir. 1996)).

which "thus directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." *Id.* at 1863 (emphasis in original). It further instructed that a court determining whether an offense is covered under the First Step Act must "ask whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense." *Id.* at 1862.

Section 2 of the Fair Sentencing Act expressly modified penalties associated with convictions under only 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 960(b)(1)(C), and 960(b)(2)(C). It did so by increasing drug quantity thresholds necessary to trigger the mandatory minimum sentence for each of these statutory provisions. Section 3, by eliminating mandatory minimum sentences for cocaine base possession, modified the penalties related solely to 21 U.S.C. § 844(a). But the Fair Sentencing Act did *not* modify the statutory penalty for a § 848(e)(1)(A) violation, which remained punishable by a mandatory minimum term of imprisonment of 20 years and a maximum term of life imprisonment or a sentence of death.

It is true that a conviction for murder in furtherance of a CCE rests on a § 841(b)(1)(A) violation. And the Fair Sentencing Act modified the latter statute by raising the quantity of crack cocaine, from 50 grams to 280 grams, that triggers the ten-year mandatory minimum sentence under that subsection. But, as the Sixth Circuit reasoned,

12

the Fair Sentencing Act did not "modify" the penalties for the drug-related murder violations of § 848(e)(1)(A) for which Coach and Junius were convicted. *Snow*, 967 F.3d at 565. Instead, it *eliminated* liability for violations of § 848(e) predicated upon drug crimes involving less than 280 grams of crack cocaine. *Id.* We agree with the Sixth Circuit that it would "put[] great strain on the ordinary meaning of the word 'modify'" to call the elimination of statutory penalties a modification of them. *Id.* Thus, because the Fair Sentencing Act did not modify the drug-related murder penalties under § 848(e)(1)(A), those offenses are not "covered" under the First Step Act.

## IV.

As murder in furtherance of a CCE is not a "covered offense" under the First Step Act, and since the sentencing package doctrine is inapplicable to the facts of this case, the District Court was correct to conclude that Coach and Junius were each ineligible for sentence reductions. We will thus affirm the District Court's orders denying Coach's and Junius' motions for sentence reduction.