**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6600**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD DAVID DEGOUT, a/k/a New York Steve,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:94-cr-00008-JHM-3)

---

Submitted:  September 16, 2024                          Decided:  October 30, 2024

---

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Laura Day Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Degout ("Appellant") challenges the district court's denial of his motion for a sentence reduction pursuant to Section 404 of the First Step Act. He argues that his conviction for homicide in the commission of a drug trafficking crime is a covered offense, making him eligible for First Step Act relief. This argument is foreclosed by our precedent. In any event, Appellant further argues the district court abused its discretion in declining to reduce his sentence. There, too, we conclude that the district court did not err.

Therefore, we affirm.

I.

Appellant was convicted in 1994 for his role in a drug trafficking conspiracy. Appellant's co-defendant, Reggie Ismel, was the primary supplier of crack cocaine in the conspiracy, and Appellant was his "right hand man." J.A. 230.[1] In addition to the drug trafficking activity, the evidence at trial established that, at Ismel's direction, Appellant killed one of Ismel's suppliers, Anthony Jones. The evidence further established that Appellant threatened to kill a man who witnessed the murder in order to keep him from coming forward.

Following trial, Appellant was convicted of four counts: conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count One); homicide by a person engaged in an offense punishable under § 841(b)(1)(A), in violation of 21 U.S.C. § 848(e)(1)(A) (Count Two); use of a firearm during and in furtherance of a drug

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

trafficking crime, in violation of 18 U.S.C. 924(c) (Count Three); and, witness tampering, in violation of 18 U.S.C. § 1512 (Count Four).  Appellant was sentenced to two concurrent life sentences on Counts One and Two, a consecutive 5 year sentence on Count Three, and a concurrent 10 year sentence on Count Four.  Appellant has now served over 30 years in prison.

In 2020, Appellant filed a motion for a sentence reduction pursuant to Section 404 of the First Step Act.  Appellant argued that both Count One and Count Two were covered offenses under the First Step Act making him eligible for a sentence reduction, and that the 18 U.S.C. § 3553(a) sentencing factors, including his post-sentencing conduct, weighed in favor of a reduction.  The district court determined that Count Two was not a covered offense.  Although the district court determined that Count One was a covered offense, it denied Appellant relief.  While the court recognized that "[s]ome of the § 3553(a) sentencing factors weigh[ed] in favor of a sentence reduction," it explained that Appellant's "offenses are among the most serious this Court sees.  He both pulled the trigger to intentionally kill a man and threatened to kill another to cover his wrongdoing.  He was also convicted for his role in a conspiracy to distribute a sizeable quantity of drugs."  J.A. 220.  The district court further determined that "the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense weigh against a sentence reduction."  J.A. 221.

Appellant noted this timely appeal.  He argues here that the district court erred in determining that Count Two was not a covered offense.  And he argues that the district

3

court procedurally and substantively erred in declining to reduce his sentence based on Count One.

## II.

Appellant first argues that the district court erred in determining that Count Two was not a covered offense. "This is a question of 'threshold eligibility for First Step Act relief, which we consider de novo.'" *United States v. Roane*, 51 F.4th 541, 546 (4th Cir. 2022) (quoting *United States v. Goodwin*, 37 F.4th 948, 952 (4th Cir. 2022)); *see also United States v. Allen*, 716 F.3d 98, 106 (4th Cir. 2013) ("Whether the new threshold amount announced in the Fair Sentencing Act applie[s] to [the appellant] is a question of law which we decide de novo.").

## A.

In 2010, Congress passed the Fair Sentencing Act. Pub. L. No. 111-220, 124 Stat. 2372. Sections 2 and 3 of the Fair Sentencing Act "reduced the penalties for specific cocaine-related offenses . . . by increasing the amount of cocaine base required to trigger certain statutory penalties." *United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019). Prior to the Fair Sentencing Act, cocaine base offenses were punished much more harshly -- at a rate of 100:1 -- than offenses involving powder cocaine. By increasing the quantities of cocaine base required to trigger higher statutory penalties, the First Step Act lowered this disparity to 18:1.

But the Fair Sentencing Act was not retroactive until Congress passed the First Step Act in 2018. Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act allows previously sentenced defendants to file a motion requesting the sentencing court to "impose

a reduced sentence as if [S]ections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Venable*, 943 F.3d at 189. Critically, "[a]n offender is eligible for a sentence reduction under the First Step Act only if he previously received a sentence for a covered offense." *Terry v. United States*, 593 U.S. 486, 492 (2021) (citation and internal quotation marks omitted).

A "covered offense" is "a violation of a Federal criminal statute, *the statutory penalties for which* were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act § 404(a) (internal citation omitted) (emphasis supplied). The Supreme Court has explained that "'statutory penalties' references the entire, integrated phrase 'a violation of a Federal criminal statute' . . . [a]nd that phrase means 'offense.'" *Terry*, 593 U.S. at 492. "We thus ask whether the Fair Sentencing Act modified the statutory penalties for [the] petitioner's offense." *Id.*; *see United States v. Thomas*, 32 F.4th 420, 429 (4th Cir. 2022) ("[W]hat matters for our FSA inquiry is whether the Act modified the statutory penalties for [the] offense.").

Given this definition of "covered offense," we have held that "only five 'offenses' are explicitly contemplated by the text," that is:

> Section 2 of the Fair Sentencing Act modified the penalties associated with 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 960(b)(1)(C), and 960(b)(2)(C) by increasing the drug quantity thresholds for crack cocaine to trigger each statute's mandatory minimum sentence . . . . Section 3 modified the penalties associated with 21 U.S.C. § 844(a) by eliminating mandatory minimum sentences for simple possession of crack.

*United States v. Roane*, 51 F.4th 541, 548 (4th Cir. 2022).

5

B.

Appellant argues that his conviction for violating 21 U.S.C. § 848(e)(1)(A) is a covered offense. In its entirety, § 848(e)(1)(A) provides the following:

> [A]ny person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

Appellant was convicted of homicide by a person "engaging in an offense punishable under section 841(b)(1)(A)" ("drug related murder"). While Appellant recognizes that the Fair Sentencing Act did not modify the penalties for § 848(e)(1)(A), he argues that it is nevertheless a covered offense because § 841(b)(1)(A) -- a violation of which is an element of drug related murder -- is a covered offense. Appellant is incorrect.

We squarely addressed this issue in *United States v. Roane*, 51 F.4th 541 (4th Cir. 2022). There, the appellants had been convicted of homicide in furtherance of a continuing criminal enterprise ("CCE"), in violation of § 848(e)(1)(A). Like Appellant here, the *Roane* appellants argued that § 848(e)(1)(A) is a covered offense eligible for First Step Act relief because § 848(e)(1)(A) includes § 841(b)(1)(A), a covered offense, as a predicate.[2]

---

[2] The *Roane* Appellants made this argument even though they were convicted of homicide in furtherance of a continuing criminal enterprise, rather than drug related murder, because the continuing criminal enterprise involved drug crimes in violation of 21 U.S.C. § 841(b)(1)(A), for which they were also convicted.

The district court rejected this argument because the Fair Sentencing Act "did not affect . . . substantive liability or statutory penalties under § 848(e)(1)(A)." *Roane*, 51 F.4th at 545. We agreed. We explained that "21 U.S.C. § 848(e)(1)(A), the offense of which appellants were convicted, is nowhere mentioned in the text of the Fair Sentencing Act." *Id.* at 548. We recognized that § 848(e)(1)(A) "creates a separate crime of killing in furtherance of any one of three predicate offenses by defining the conduct it prohibits and the statutory penalties for engaging in the prohibited conduct." *Id.* at 548 (cleaned up). And, like the district court, we found conclusive the fact that "Congress in no way modified the elements or penalties of § 848(e)(1)(A) via the Fair Sentencing Act." *Id.* *Roane* did not differentiate between the types of homicide criminalized by § 848(e)(1)(A) and, even if it had, its reasoning would demand the same outcome here.

As we explained in *Roane*, "the statutory penalties associated with [Appellant's] § 848(e)(1)(A) conviction[] remain the same both before and after the Fair Sentencing Act– a 20-year minimum sentence up to life imprisonment or death for drug-related murder." 51 F.4th at 550. It matters not that the penalties for 21 U.S.C. § 841(b)(1)(A) were modified by the Fair Sentencing Act. "The penalties associated with [§ 848(e)(1)(A)] are established completely independently of the predicate offenses even while incorporating some of the substantive conduct. Thus, § 848(e)(1)(A) is not a 'covered offense' eligible for sentence reduction under the First Step Act." *Id.* at 550 (internal citation omitted).

Our decision here is in line with the decisions of our sister circuits that have confronted the same issue. Each has determined that § 848(e)(1)(A) is not a covered offense. *See United States v. Snow*, 967 F.3d 563 (6th Cir. 2020) (addressing drug related

7

murder specifically); *United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021) (addressing drug related murder specifically); *United States v. Junius*, 86 F.4th 1027 (3d Cir. 2023) (addressing CCE murder, and relying on *Roane*, *Fletcher*, and *Snow*).

We thus affirm the district court's holding that § 848(e)(1)(A) is not a covered offense.

## III.

While Count Two is not a covered offense, there is no dispute that Count One, conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), is. Nevertheless, the district court declined to reduce Appellant's sentence. Appellant argues the court both procedurally and substantively erred in retaining his life sentence. We address each argument in turn, reviewing the district court's decision for abuse of discretion. *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023).

## A.

In discussing the procedural reasonableness standard applicable to First Step Act motions, we have explained, "a district court's discretion is broad and its burden light." *Troy*, 64 F.4th at 184. "District courts are not required to modify a sentence 'for any reason' and may reject arguments they consider unconvincing in 'a brief statement of reasons' and 'without a detailed explanation.'" *Id.* (quoting *Concepcion v. United States*, 597 U.S. 481, 501 (2022)). "A district court commits procedural error by failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—

8

including an explanation for any deviation from the Guidelines range." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks and citation omitted); *see also Troy*, 64 F.4th at 185.

When exercising its discretion to reduce a sentence under the First Step Act, a district court must calculate the sentencing range provided by the United States Sentencing Guidelines Manual ("Guidelines") "as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion*, 597 U.S. at 498 n.6. We have articulated a two-step process. "First, [district courts] must recalculate the movant's Guidelines range *only to the extent* it adjusts for the Fair Sentencing Act." *Troy*, 64 F.4th at 184 (cleaned up) (emphasis supplied). This is because "the proper 'benchmark' for the district court's analysis (and for our review) is the impact of the Fair Sentencing Act on the defendant's Guidelines range." *Id.* Second, after calculating the new benchmark Guidelines range, district courts consider the § 3553(a) factors. In doing so, "they may (and when raised by the parties, *must*) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Id.* (cleaned up) (emphasis supplied).

"For its resolution of a First Step Act motion to be procedurally reasonable, a district court must consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Troy*, 64 F.4th at 185 (cleaned up). The district court's explanation need not be "detailed." *Concepcion*, 597 U.S. at 501. "All that is

9

required is for a district court to demonstrate that it has considered the arguments before it." *Id.* at 502; *see also Smith*, 75 F.4th at 466.

Here, Appellant argues the district court made two procedural errors in denying his motion for a sentence reduction. First, he argues that the district court failed to properly recalculate his Guidelines because it left in place a first degree murder cross reference on Count One, rather than using the cross reference to second degree murder that is now available. And second, Appellant argues the district court improperly calculated his Guidelines by failing to group Counts One and Two.

As an initial matter, neither of these alleged errors required the district court to engage in step one of the two step proceed set out in *Troy*. The district court was not required to recalculate Appellant's Guidelines range because neither alleged error involves a change that "reflect[s] the retroactive application of the Fair Sentencing Act." *Concepcion*, 597 U.S. at 498 n.6. As to the second step of the process laid out in *Troy*, we readily conclude that the district court adequately explained its decision to retain the application of the first degree murder cross reference. The record makes clear that the district court considered Appellant's argument but determined that "[g]iven the facts of this case . . . the Court finds use of the second-degree murder guideline would not be appropriate." J.A. 218 n.3.

As to Appellant's argument about grouping Counts One and Two, Appellant conceded in his briefing before this court that "[i]f he remain[s] under the first degree murder guideline, [any grouping] error would not have any impact on his guidelines, which

10

would already be at the highest level possible, at 43." Appellant's Opening Br. at 23. Thus, any error in the district court's explanation of this issue is harmless.

B.

Finally, Appellant argues that the district court's decision to retain his life sentence was substantively unreasonable.

To determine whether the denial of a First Step Act motion is substantively reasonable, we consider whether, under the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (quoting *United States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022)). Relevant here, while a district court must consider all nonfrivolous arguments, it is "not required to reduce any sentence." *Reed*, 58 F.4th at 821. This remains true even where the sentence the district court retains is greater than "the revised statutory maximum contained in the Fair Sentencing Act." *Id.* at 822. The district court may retain the higher sentence, so long as it is substantively reasonable.

As in an initial sentencing, sentences within the "appropriate benchmark" Guidelines range are "presumptively reasonable." *Troy*, 64 F.4th at 186 (citing *United States v. Blue*, 877 F.3d 513, 519–20 (4th Cir. 2017)). Even where the district court retains a sentence that is above the applicable Guidelines range, we "may not presume" that doing so is unreasonable. *Swain*, 49 F.4th at 402. "However, we may consider the extent of the deviation . . . [a]nd the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.*

11

at 403 (cleaned up). Our review is to be "highly deferential" and "not [] overly searching" because "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Smith*, 75 F.4th at 466. And "disagreement with how a district court balances the § 3553(a) factors is insufficient to overcome the district court's discretion." *Swain*, 49 F.4th at 403.

Appellant argues that his personal history and characteristics, including his post-sentencing conduct and rehabilitation, support a sentence reduction. And he notes that even if we disagree with him as to the § 848(e)(1)(A) conviction, the new statutory maximum for Count One is 480 months of imprisonment. Appellant argues the district court did not sufficiently explain its reasoning for varying upward to leave in place his life sentence, and thus the sentence was substantively unreasonable.

Upon review of the record, we conclude that the district court adequately explained its decision to retain Appellant's life sentence. The court "examin[ed] [Appellant's sentence] in its entirety, despite the inclusion of [] non-covered offense[s]." J.A. 217. It determined that Appellant's base offense level would remain 43 today, and that offense level 43 corresponds with a Guidelines sentencing range of life imprisonment, regardless of criminal history category. The court explained, as Appellant points out, that the Guidelines sentence for Count One would now be 480 months -- lower than the life sentence previously imposed -- because that is the revised statutory maximum in light of the First Step Act. In total, the court calculated that Appellant's new "Guidelines sentence is one life term" on Count Two "plus 480 months" on Count One, "and a five-year consecutive term" on Count Three. J.A. 219 n.5. Despite the fact that the revised statutory

12

maximum sentence on Count One was 480 months, the court declined to reduce Appellant's sentence.

In doing so, the district court recognized that "[s]ome of the [18 U.S.C.] § 3553(a) sentencing factors weigh in favor of a sentence reduction." J.A. 220. But the court was not convinced that these factors supported a sentence reduction. In its view, Appellant's "offenses are among the most serious this Court sees. He both pulled the trigger to intentionally kill a man and threatened to kill another to cover his wrongdoing. He was also convicted for his role in a conspiracy to distribute a sizeable quantity of drugs." J.A. 220. Considering the totality of the circumstances, the district court determined that "the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense weigh against a sentence reduction." J.A. 221.

This explanation satisfies us that the district court did not abuse its discretion in retaining Appellant's life sentence.

## IV.

The district court did not err in concluding that 21 U.S.C. § 848(e)(1)(A) is not a covered offense. Nor did it procedurally or substantively err in declining to reduce Appellant's sentence.

*AFFIRMED*

13